*453 SUMMARY ORDER
UPON DUE CONSIDERATION, IT IS HEREBY ORDERED that the judgment of the District Court be AFFIRMED.
Familiarity is assumed as to the facts, the procedural context, and the specification of appellate issues. After undertaking de novo review of the district court judgment dismissing plaintiffs claims for lack of standing, we now affirm.
Plaintiff has no individual standing to bring a civil rights action under 42 U.S.C. § 1983. The injuries to plaintiff as alleged were indirectly caused by harm to DVS and therefore are not “distinct” from those of the corporation. See Audio Odyssey, Ltd. v. Brenton First Nat’l Bank, 245 F.3d 721, 729 (8th Cir.2001); Potthoff v. Morin, 245 F.3d 710, 717 (8th Cir.2001). Furthermore, plaintiff has not alleged that his constitutional rights have been violated. See RK Ventures, Inc. v. City of Seattle, 307 F.3d 1045, 1057 (9th Cir.2002); Soranno’s Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir.1989).
Plaintiff also has no individual standing to bring a breach of contract claim as he was not a party to the construction contract between the City and DVS. Although plaintiff individually was an indemnitor to IFIC under a performance bond—required by the contract and activated at the time of DVS’s default—his obligations under his indemnification pledge have been discharged in bankruptcy. Plaintiff is thus a stranger to the agreement.
Accordingly, for the reasons set forth above, the judgment of the District Court is hereby AFFIRMED.